IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-54,009-02






EX PARTE MONROE GUILLORY, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 44032-B IN THE CRIMINAL DISTRICT COURT


OF JEFFERSON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
building and sentenced to fifteen years' imprisonment. 

 Applicant contends that he is being denied credit for time spent confined pursuant to parole
violator warrants on five occasions over a period of years. Applicant has alleged facts that, if true,
might entitle him to relief. Ex parte Canada, 754 S.W.2d 660 (Tex. Crim. App. 1988). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for making findings of fact.

 The trial court may use any means set out in Tex. Code Crim. Proc. Art. 11.07, § 3(d), in
that it shall order the General Counsel of the Texas Department of Criminal Justice to obtain and
file affidavits listing the dates Applicant has been confined on any parole-revocation warrants since 
1987 and the credit he has already received for any such periods. The affidavit should also state
whether Applicant is currently on conditional release, the date of any such release, whether Applicant
has submitted this claim to the time credit resolution system of TDCJ, and if so, the date when the
claim was submitted.

 The trial court may also order depositions, interrogatories or a hearing. In the appropriate
case, the trial court may rely on its personal recollection. Id. If the trial court elects to hold a
hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be
represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. 
Tex. C ode Crim. Proc. Art. 26.04.

 The trial court shall make findings of fact first as to whether Applicant has properly
exhausted his administrative remedies as required by Tex. Gov't Code § 501.0081(b)-(c). The trial
court shall then make findings as to what dates Applicant has been confined pursuant to parole
violator warrants and what credit he has received for such confinement. The trial court shall also
make any other findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: September 10, 2008

Do not publish